**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

REZA FARZAN,

        Plaintiff,

v.

J.P. MORGAN CHASE BANK N.A., et al.,

        Defendants.

Civil Action No. 19-5156 (MAS) (DEA)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court upon Defendants J.P. Morgan Chase Bank N.A. ("J.P. Morgan"), Mortgage Electronic Registration Systems, Inc. ("MERS"), Stacy E. Spohn ("Spohn"), Beth Cottrell ("Cottrell"), Sheena McWilliams ("McWilliams"), and Adriane C. Matthews's ("Matthews") (collectively, "Defendants") Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 9.) Pro se Plaintiff Reza Farzan ("Plaintiff") opposed (ECF No. 11), and Defendants replied (ECF No. 12). The Court has carefully considered the parties' submissions and decides this matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Defendants' Motion to Dismiss is granted.

I.  **BACKGROUND**[1]

This dispute arises out of an ongoing New Jersey Superior Court foreclosure action. (Compl. 5, ECF No. 1.) On or about February 14, 2005, Plaintiff executed a mortgage in the amount of $359,650.00 on real property with American Mortgage Network, Inc. ("American Mortgage"). (*Id.* at 4-5.)

On or about February 27, 2009, MERS, acting as a nominee of American Mortgage, sold the mortgage note and servicing rights to J.P. Morgan (the "2009 Assignment"). (*Id.*) This transaction was executed by Cottrell and Spohn, employees of MERS and J.P. Morgan, respectively. (*Id.*) MERS and J.P. Morgan used this transaction to "fabricate[] a mortgage assignment" and subsequently recorded the assignment in the Monmouth County Hall of Records on or about March 16, 2009. (*Id.*) Plaintiff informed J.P. Morgan and MERS that this was a "false assignment" but was ignored. (*Id.*) Plaintiff avers that both Cottrell and Spohn are "nationally known robo-signers" and that MERS is not "licensed to be a mortgage lender or servicer by the [New Jersey] Department of Banking and Insurance." (*Id.*)

---

[1] A motion to dismiss pursuant to Rule 12(b)(1) challenges the existence of a federal court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Such a motion may either "attack the complaint on its face . . . [or] attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Defendants do not explicitly state if they advance a facial or factual challenge. (*See generally* Defs.' Mot. to Dismiss.) Because the instant Motion was Defendants' first response to Plaintiff's Complaint, the Court treats Defendants' Motion as a facial challenge. When considering a facial challenge under Federal Rule of Civil Procedure 12(b)(1), a court "must consider the allegations of the complaint as true." *Mortensen*, 549 F.2d at 891. The Court notes, however, that it would reach the same conclusion under a factual analysis.

On or about February 12, 2014, McWilliams, an employee of J.P. Morgan, fabricated an Affidavit of Lost Note for Plaintiff's mortgage. (*Id.*) Plaintiff avers J.P. Morgan never had the note to begin with and, therefore, could not have lost it.[2] (*Id.*)

On or about February 24, 2014, Matthews—another employee of J.P. Morgan—sold the lost note and its servicing rights to Bayview Loan Servicing, LLC ("Bayview") (the "2014 Assignment"). (*Id.*) Thereafter, J.P. Morgan and Bayview "fabricated an assignment out of that transaction" and recorded it with Monmouth County Hall of Records on or about June 23, 2014. (*Id.*)

On or about May 12, 2016, Bayview used the 2009 and 2014 Assignments to commence a foreclosure action against Plaintiff's real property in New Jersey Superior Court. (*Id.*) On March 3, 2017, the Superior Court entered an order: (1) granting Bayview's motion for summary judgment; (2) denying Plaintiff's cross-motion for summary judgment; (3) striking Plaintiff's answer; and (4) permitting Bayview to proceed with the foreclosure. (*See* Certification of Cristina Z. Sinclair, Esq. ("Sinclair Certification"), Ex. H to ECF No. 9-2, ¶ 10).[3] Plaintiff subsequently filed numerous motions and cross-motions to stay the Superior Court foreclosure proceedings, all of which were denied. (*Id.*)

On February 8, 2019, Plaintiff filed the instant Complaint, and on April 10, 2019, Defendants moved to dismiss arguing that the Court lacks subject-matter jurisdiction. (ECF No. 9.) In lieu of a formal opposition, Plaintiff submitted a certification and statement of material facts, with exhibits attached (ECF No. 11), and Defendants replied (ECF No. 12).

---

[2] It is unclear whether Plaintiff is asserting that J.P. Morgan never had physical possession of the note, or that its possession was improper due to the fraudulent 2009 Assignment.

[3] The Court references the Sinclair Certification solely to provide relevant context to this matter's procedural history.

## II. LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(1) challenges the existence of a federal court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). A motion to dismiss for lack of subject matter jurisdiction may either "attack the complaint on its face . . . [or] attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *Mortensen*, 549 F.2d at 891.

A facial challenge asserts that "the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction." *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 438 (D.N.J. 1999). A court considering a facial challenge construes the allegations in the complaint as true and determines whether subject matter jurisdiction exists. *Mortensen*, 549 F.2d at 891; *see also Cardio-Medical Assocs. Ltd. v. Crozer-Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir. 1983).

A factual attack under Rule 12(b)(1) challenges the very power of a district court to hear a case, independent of the pleadings. *Id.* When evaluating a factual challenge, a court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* Unlike a facial analysis, no presumption of truth attaches to plaintiff's allegations in a factual challenge and "the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* Furthermore, in a factual challenge, the plaintiff bears the burden of establishing that jurisdiction exists. *Id.*

Where a plaintiff proceeds pro se, the complaint must be "liberally construed" and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). But a pro se litigant

4

"is not absolved from complying with *Twombly* and the federal pleading requirements merely because [the litigant] proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010).

**III.    DISCUSSION**

"The *Rooker-Feldman* doctrine bars federal district courts from hearing cases 'that are essentially appeals from state-court judgments.'" *Nest v. Nationstar Mortg., LLC*, No. 16-4282, 2016 WL 4541871, at *2 (D.N.J. Aug. 31, 2016) (quoting *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010)). "The Third Circuit has specifically held that the *Rooker-Feldman* doctrine bars federal courts from providing relief that would invalidate a state court foreclosure decision." *Id.* at *2; *see also Gage v. Wells Fargo Bank, NA AS*, 521 F. App'x 49, 51 (3d Cir. 2013); *Manu v. Nat'l City Bank of Ind.*, 471 F. App'x 101, 105 (3d Cir. 2012). When a district court lacks subject matter jurisdiction under *Rooker-Feldman*, dismissal is warranted. *Jacobsen v. Citi Mortg. Inc.*, No. 17-1555, 2017 WL 3877848, at *1 (D.N.J. Sept. 5, 2017), *aff'd sub nom. Jacobsen v. Citi Mortg. Inc., (NJ)*, 715 F. App'x 222 (3d Cir. 2018).

The *Rooker-Feldman* doctrine applies if four requirements are met: "(1) the federal plaintiff lost in state court; (2) the plaintiff complain[s] of injuries caused by [the] state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Mineral Co.*, 615 F.3d at 166 (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)); *see also Nest*, 2016 WL 4541871, at *2.

Here, the Court finds that the *Rooker-Feldman* doctrine applies. The New Jersey Superior Court entered judgment for Defendants in the state foreclosure action prior to the filing of this suit. In this Court, Plaintiff seeks an order to "[s]tay the foreclosure proceedings in the state court" (Compl. 5), which invites this Court to review and reject a state court judgment. Because Plaintiff

5

seeks to invalidate the underlying state court decision, the *Rooker-Feldman* doctrine bars this Court from granting relief. The Court, accordingly, dismisses Plaintiff's Complaint for lack of subject matter jurisdiction.[4]

Leave to amend pleadings "should be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "A court may deny leave to amend when such amendment would be futile." *Budhun v. Reading Hosp. & Med. Ctr.*, 765 F.3d 245, 259 (3d Cir. 2014) (citing *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006)). An "amendment would be futile if the amended complaint would not survive a motion to dismiss for failure to state a claim." *Id.* (citing *Travelers Indem. Co. v. Dammann & Co.*, 594 F.3d 238, 243 (3d Cir. 2010)).

Here, the Court finds that amendment would be futile because Plaintiff would be unable to assert any claims not barred by the *Rooker-Feldman* doctrine. *See Martinez v. Bank of Am., N.A.*, No. 15-8926, 2016 WL 1135441, at *5 (D.N.J. Mar. 22, 2016) (granting dismissal with prejudice because amended complaint would not be able to state a claim not barred by *Rooker-Feldman*). The Court, accordingly, dismisses Plaintiff's claim with prejudice.

IV. **CONCLUSION**

Based on the foregoing, and for other good cause shown, Defendants' Motion to Dismiss is granted with prejudice. The Court will issue an Order consistent with this Memorandum Opinion.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Dated:** November 27, 2019

---

[4] Because the Court resolves the Motion on the merits of Defendants' Rule 12(b)(1) arguments, the Court does not reach the other arguments advanced by Defendants.

6